IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VICTOR MARBLEY                                                                                    PLAINTIFF

v.                                              Civil No. 4:17-CV-04034

CORRECT CARE SOLUTIONS                                                                DEFENDANTS
and DR. LORENE LOMAX

# **ORDER**

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to prosecute this case.

Plaintiff filed his Complaint in the United States District Court for the Eastern District of Arkansas on April 26, 2017. (ECF No. 2). On May 15, 2017, Plaintiff filed "exhibits" to his Complaint. ECF No. 3. This action was transferred to the United States District Court for the Western District of Arkansas on May 16, 2017. (ECF No. 4). Defendants were served with process (ECF Nos. 8, 11-12) and thereafter filed a Motion to Dismiss on June 21, 2017 (ECF No. 14). Plaintiff did not respond to the Motion to Dismiss. On November 14, 2017, the Court entered a text-only order directing Plaintiff to respond to Defendants' Motion to Dismiss by December 5, 2017. (ECF No. 16). On December 12, 2017, the order was returned as undeliverable, indicating Plaintiff was no longer incarcerated in the Southwest Arkansas Community Correction Center. (ECF No. 17). Plaintiff has not communicated with the Court since May 15, 2017.[1]

---

[1] Plaintiff's last communication was on May 15, 2017, when he filed "exhibits" to his Complaint in the Eastern District of Arkansas.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Likewise, Plaintiff has failed to prosecute this matter and failed to comply with an order of the Court. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice.

For these reasons, the Court finds that Plaintiff's claims should be and hereby are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of January 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge